**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

CATHERYNNE W. KENDRICK
ADC # 708204                                                                                          PLAINTIFF


V.                                    4:08CV00359 JLH/HDY


JANE DOE, S.P., *Pro Se* Law Clerk,
United States District Court                                                              DEFENDANT


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, naming as a Defendant one of the Court's *pro se* law clerks. In it she challenged the actions of the law clerk in returning to her, without docketing, certain exhibits and documents that she has sent to the Court in another pending case, *Kendrick v. Faust et al.*, 1:07CV00025 JMM/BD, arguing that the Court must have these in order for her to adequately respond and object to the partial recommended dispositions in that case. Plaintiff argued that the actions of the law clerk in declining to docket these documents as pleadings "goes against" the Orders of the Court directing her to file responses and amend her complaints.[1]

---

[1] A "stop docket" order was entered in the case by the magistrate judge on March 24, 2008 (docket entry #103), apparently due to the sheer volume of pleadings and numerous additions of defendants and claims permitted in the case up until that time.

She also alleged that mail addressed to her from the Court bore an incorrect ADC number and street address, causing Plaintiff to receive notes from the mailroom reminding her that her correspondence must reflect the correct ADC number and address.

Plaintiff's Complaint was dismissed as legally frivolous, on the grounds that law clerks, like the judges who employ them, are entitled to absolute immunity when assisting the judge in carrying out judicial functions. *Mitchell v. McBryde*, 944 F. 2d 229, 230 (5th Cir. 1991); *Oliva v. Heller*, 839 F. 2d 37, 40 (2d Cir. 1988). The decision of the Court noted that absolute immunity "applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function." *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir.1993). This formulation "enables the immunity to operate where the need for liability in damages is low and the need for a backstop to judicial immunity high." *Id.*

Plaintiff has now filed a "Motion for Reconsideration" (docket entry #8), as well as a Supplement (docket entry #11) to her motion, which has been referred to the undersigned for recommended disposition. Plaintiff's Motion offer no reason or argument, compelling or otherwise, in support of her request for reconsideration that has not already been considered and addressed in the Court's Orders dismissing this cause of action. The work done by law clerks is supervised, approved, and adopted by the judges who initially authorize it. A judicial opinion is not that of the law clerk, but of the judge. Law clerks are simply extensions of the judges at whose pleasure they serve. *See, e.g., Oliva v. Heller*, 670 F.Supp. 523 (S.D.N.Y. 1987), *aff'd*, 839 F. 2d 37 (2d Cir. 1988)(applying absolute immunity to claim against district judge's law clerk). Therefore, for purposes of absolute judicial immunity, judges and their law clerks are as one. Had the plaintiff chosen to sue Judge Deere or Judge Moody, rather than the law clerk, the Judge would be entitled

to absolute immunity and the action dismissed. Here, Defendant Doe was acting within the scope of her employment and pursuant to the Judge's instructions in working on plaintiff's case. Therefore, she is absolutely immune from suit.

Furthermore, Plaintiff has neither alleged nor shown any actual injury, or damages, for these actions. The case in question, *Pryor-Kendrick et al. v. Faust et al.,* 1:07CV00025 JMM/BD, has not yet been decided against Plaintiff; in fact, the Defendants have only recently been served. Theoretically, Plaintiff could succeed in her claims, without ever having suffered any injury or harm caused by the allegedly improper actions of Defendant Doe. In that case, there is not, nor would there ever be, any case or controversy between Plaintiff and Defendant Doe. *See Falwell v. City of Lynchburg, Va.*, 198 F.Supp.2d 765, 778 (W.D. Va. 2002).

And, if Plaintiff should ultimately lose her case, this action for damages against a judicial law clerk is "not necessary to control unconstitutional conduct[,] in light of the numerous safeguards that are built into the judicial process, especially the correctability of error on appeal." *Sindram* at 1461 (internal quotation marks omitted). This means that Plaintiff's remedy to correct an error on the part of the Court is through the judicial system. The purpose of judicial immunity, and the law clerk's immunity that accompanies it, is "for benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. . . . His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir.1988)(*quoting Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

**Conclusion**

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Motion for Reconsideration (docket entry #8) be DENIED.

DATED this \_\_\_\_\_13_____ day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE